# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STACEY PARKS,**

       **Plaintiff,**

**v.**                                                     **Case No: 6:15-cv-707-Orl-41KRS**

**NATIONSTAR MORTGAGE LLC,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 3)**
>
> **FILED:**      **May 4, 2015**

### I. BACKGROUND.

On May 4, 2015, *pro se* Plaintiff Stacey Parks ("Parks") filed a verified complaint against Nationstar Mortgage LLC ("Nationstar"), asserting one count for quiet title. Doc. No. 1. Parks contends that attorneys for Nationstar engaged in "[m]isrepresentation and [m]isconduct" to obtain the property at issue through a foreclosure judgment. *Id.* at 2. Parks claims that she obtained a legal interest in the property through her corporation, Merritt Properties Corporation, on April 20, 2015. *Id.* ¶ 7. She then "[e]xecuted [a] [d]eed [f]rom Merritt Properties Corp. [t]o [h]erself [o]n April 28, 2015." *Id.* ¶ 8. Parks contends that her right to the subject property is superior to that of Nationstar. *Id.* ¶ 9.

Parks contends that this Court has federal question jurisdiction over her claims because "Nationstar Mortgage LLC [i]s [a] [f]ederally [l]icensed [m]ortgage [c]orporation." *Id.* ¶ 1. She identifies no other basis for the exercise of this Court's subject matter jurisdiction.

On the same day that she filed her verified complaint, Parks also filed an affidavit of indigency (Doc. No. 3), which I construe as a motion for leave to proceed *in forma pauperis*. That motion has been referred to me for issuance of this Report and Recommendation.

## II.   ANAYLTICAL STANDARD.

A district court has the obligation, at the earliest possible stage in the proceedings, to examine a complaint *sua sponte* to determine whether subject matter jurisdiction may be lacking. *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006). Consequently, a district court, when faced with a motion to proceed *in forma pauperis*, should assess the court's subject matter jurisdiction before conducting its frivolity review under 28 U.S.C. § 1915(e)(2)(B)(i). *See Matic v. Bahri*, No. 3:10-cv-364-J-34TEM, 2010 U.S. Dist. LEXIS 126345, at *5 (M.D. Fla. Nov. 30, 2010) ("[I]n the absence of subject matter jurisdiction over th[e] matter, Plaintiff's Affidavit of Indigency and Application to Proceed In Forma Pauperis is due to be denied without prejudice."); *see also Welch v. Darby*, No. 11-595-WS-C, 2012 U.S. Dist. LEXIS 34213, at *1 & n.1 (S.D. Ala. Feb. 16, 2012), *adopted by* 2012 U.S. Dist. LEXIS 34205 (S.D. Ala. Mar. 14, 2012). If subject matter jurisdiction exists, the Court must then determine whether the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

## III.   DISCUSSION.

Plaintiff contends that this Court has federal question jurisdiction over this action because Nationstar is a "[f]ederally [l]icensed [m]ortgage [c]orporation." Doc. No. 1 ¶ 1. She reasons, on

that basis, that the Court's exercise of jurisdiction "[n]eeds [n]o [n]ew [j]urisdictional [s]upport." *Id.* Parks's jurisdictional allegations are not supported by the law.

Federal question jurisdiction encompasses "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]or a claim to arise 'under the Constitution, laws, or treatises of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). A complaint presents a federal question where it establishes that either (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)) (internal quotation mark omitted).

The complaint in this case presents neither basis for the exercise of federal question jurisdiction. The complaint asserts only one count, which is for quiet title. Doc. No. 1, at 2. Quiet title, however, is a cause of action arising under state, not federal, law. *See Brewer v. Bank of Am., N.A.*, No. 6:12-cv-1633-Orl-37GJK, 2012 U.S. Dist. LEXIS 177382, at *2, 4–5 (M.D. Fla. Dec. 13, 2012) (dismissing a quiet title claim for want of federal question jurisdiction because the plaintiff identified no federal law under which the claim arose). Parks's contention that Nationstar is federally licensed is of no moment, because that fact, standing alone, does not establish that her state law claim implicates a substantial question of federal law. The other allegations of her complaint similarly fail to establish that her right to relief depends on the resolution of such a question. Accordingly, Parks has failed to affirmatively allege facts to establish this Court's jurisdiction. *See, e.g., Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010)(unpublished decision cited as persuasive authority).

Ordinarily, a *pro se* litigant should be given one opportunity to file an amended complaint if it appears that she might be able to state a claim within this Court's subject-matter jurisdiction. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)(per curiam), *overruled in other respects*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Because I recommend that the complaint be dismissed without prejudice, however, Parks can file her quiet title action in a state court. Under these circumstances, granting her leave to amend may not be required. *Cf. Lankster v. AT&T*, No. 13-0045-WS-C, 2013 WL 1389982, at * 4-5 (S.D. Ala. April 4, 2013)(finding that leave to amend was not required when complaint was dismissed without prejudice for lack of subject-matter jurisdiction).

### IV.  RECOMMENDATION.

For the reasons discussed above, I respectfully **RECOMMEND** that Parks's complaint (Doc. No. 1) be **DISMISSED without prejudice** and that her motion to proceed *in forma pauperis* (Doc. No. 3) be **DENIED as moot**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 6, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy